**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-　　　　　　　　　　　　　　　　　　　　　　　Case No.  6:11-cr-415-Orl-22GJK

**GILBERTO MENDEZ-HERNANDEZ,**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (SHORT FORM)  (Doc. No. 146)**
>
> **FILED:** **June 4, 2015**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Court certify that the appeal is not taken in good faith.

As set forth in the District Court's May 19, 2015 order (the "Order"), on November 17, 2014, Defendant filed a *pro se* motion for a reduction of sentence under Title 18 U.S.C. § 3852(c)(2), pursuant to Amendment 782 of the United States Sentencing Guidelines.  Doc. Nos. 133, 143.  The United States Probation Office, the United States, and the Federal Defender's Office, who was appointed to represent the Defendant in connection with these proceedings, all concurred that Defendant "is not eligible for a sentence reduction under Amendment 782 because Defendant was sentenced to the minium sentence mandated by statute."  Doc. No. 143 at 1.    The District Court

agreed and, therefore, denied Defendant's motion for a reduction of sentence. Doc. No. 143 at 1-2. On June 4, 2015, Defendant filed a notice of appeal with respect to the District Court's Order. Doc. No. 145. On that same day, Defendant filed a *pro se* Application to Proceed in District Court Without Prepaying Fees Or Costs (the "Motion"). Doc. No. 146.

Although the Motion's title is directed at proceedings before the District Court, the undersigned construes it as a motion to appeal *in forma pauperis* the District Court's Order denying Defendant's motion for a reduction of sentence. Doc. No. 146.

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

In this case, the undersigned finds that the appeal is not taken in good faith and, therefore, is frivolous because the United States Probation Office, the United States, the District Court, and

Defendant's counsel all agree that Defendant is not entitled to a reduction in sentence under Amendment 782. Accordingly, it is recommended that the Motion be **DENIED** (Doc. No. 146) and the Court certify that the appeal is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days for the date of its filing shall bar an aggrieved party for attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on June 24, 2015

*[signature]*
_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties

Courtroom Deputy